## WICKERSHAM v. YOUNG et al.

### September 15, 1831.

*Rule to show cause why Jane White should not be added to the record as a defendant.*

In summons in partition, the court will permit a stranger to the record to be made a party, and to interplead, upon showing a probable title to a part of the land named in the writ, as well before as after judgment.

THIS was a summons in partition returnable to March term 1831, to have parted and divided between the plaintiff's and defendants certain real estate in Kensington, Philadelphia county. The sheriff's return was, "summoned." Before further proceedings in the action, *P. A. Browne* filed the *affidavit* of *Jane White*, representing that she was the owner in fee of an undivided seventh part of the premises mentioned in the writ, as a tenant in common with the parties thereto, and exhibited the record of an ejectment in the supreme court for this district, in which she was the plaintiff, and the tenant in possession was the defendant, and in which she recovered a judgment for the undivided seventh part of the premises.

*P. A. Browne* contended, that by the scope of the acts of assembly concerning partitions, a person showing a *prima facie* title to a real interest in the land has a right to be made a party to the proceedings, to take defence, and to have his part set out and judgment therefor. The act of the 7th of April 1807, *Purd. Dig.*, *tit. Partition*, expressly contemplates that any person, other than a defendant, may within a year after judgment entered, apply to the court, and upon

(a) See act of June 13th, 1836, *Pamph. Laws* 568, *Parke & Johnson's Digest*

[Wickersham v. Young et al.]

showing a title, have a new partition and judgment on his claim of title. With much better reason has the practice been established to allow an interpleader in partition by a stranger to the record, really interested, before final judgment.

*Miles, contra.*

The demandant has elected to treat Jane White as having no title in the premises. The recovery by her *in ejectment in the* supreme court is not conclusive, as against the parties to this writ, of her having title, although it may be against the defendant in that suit, who was a mere tenant in possession. Our acts concerning partitions are an innovation, and must be pursued strictly. They do not contemplate the introduction of a new party, at this stage of the proceedings. A judgment between the parties to the record, as it now stands, cannot produce mischief to the applicant, if she really have title; for in any event she may maintain another ejectment, or demand partition herself, as the judgment in this case can be no bar to her right, she not being a party to the record. The inquest is good although all the parties interested are not named in the proceedings. Act of the 7th of April 1807, *sect.* 1.

PER CURIAM (BARNES, *President*; HALLOWELL, J.; and COXE, J.).—It has been our constant practice to entertain *motions of this kind.* It is true that the acts of assembly concerning partitions do not expressly provide for the case now before the court, but it is also true that they have in view a partition of the land between *all* the real owners. Thus the parts and purparts of *all* must be set out and found by the judgment, unless the defendants (act of the 5th of February 1821, *Purd. Dig.* 629) shall by writing declare their wish that their interest shall remain undivided, in which case the plaintiff's purpart shall alone be set out. Again, even after judgment, a real owner may come in within a year, and require a new partition, although not previously a party to the record. (Act of the 7th of April 1807, *sect.* 2.) Independent therefore of the power of the court, on general principles, to permit the applicant to interplead on showing a *prima facie* title to part of the land, there is an express direction by statute to permit it after judgment. It is therefore a reasonable rule that the interference in the subject matter, which the court may authorize *after*, they should permit *before*, judgment;

[Wickersham v. Young et al.]

and no inconvenience can happen, because on the trial, if the applicant fail to substantiate her title, the judgment will be accordingly. In all applications of this kind, however, before the court will grant them, they must be satisfied at least of a probable title in the applicants. This is the case here, and we cannot therefore refuse the rule.

Rule absolute.